FRANCESTOWN *v.* DEERING.

A settlement by residence, ownership for four years of real estate of the value of one hundred and fifty dollars, and payment of all taxes, is not affected by showing such taxes to have been illegally assessed.

When real estate is conveyed to the wife, no trust arises to the husband from payments made after the time of the purchase.

ASSUMPSIT, for support of Ira Brown, his wife and child, as paupers.   The only question was, as to the settlement of Ira Brown, who was the son of David Brown, who was the son of Benjamin Brown, who died about 1802.   The plaintiff claimed that Benjamin gained a settlement in Deering by having real estate of the value of $150 in Deer-

ing, where he dwelt and had his home, and paying all taxes duly assessed on him and his estate for four years in succession.

The plaintiff called as a witness the town-clerk of Deering, who produced all the records of that town, from 1794 to 1803, that could be found, comprised in two books, one purporting to be an invoice book, and the other a book of records kept by the town-clerk. To the admission of these books the defendant objected, that the tax lists were not signed by the selectmen; that the town-clerk's book did not show that the warrants for the meetings at which the selectmen were chosen in those years were posted up according to law; and that it did not appear that the selectmen ever took the oath of office, it simply appearing that they were present and were qualified according to law. The court admitted the books in evidence, and the defendant excepted.

The defendant contended that even if Benjamin had a settlement in Deering, still the defendant was not liable, because David had gained a settlement in Francestown since 1847; and it appearing that David had lived in Francestown since 1847, and that he had been taxed and had paid his taxes for more than four years in succession, the only question as to his settlement there was whether he had real estate to the value of $150.

In 1847 or 1848 he put a house and barn upon land of one Bixby. In 1848 he mortgaged the buildings to Bixby. December 26, 1849, he deeded the buildings to Bixby, and at the same time Bixby conveyed the land and buildings to Hannah Brown, wife of David, by deed in common form, taking back a mortgage of the same from her to secure the payment of a note of $158.99 signed by her,— $158.99 being the price of the land and the balance due Bixby upon the mortgage of the buildings. Upon that note payments were made semi-annually, in March and September, 1850, 1851, and 1852. Whether the money

with which these payments were made belonged to David Brown or to his wife, and whether the deed from Bixby was made to the wife to prevent attachments by creditors of her husband, were questions upon which the evidence was conflicting, or doubtful. The defendant claimed that the last mortgage was void because given by a married woman alone, and the court so ruled. The court also ruled that David Brown had no resulting trust in the real estate beyond the amount which he paid before and at the time of the conveyance to his wife; to which ruling the defendant excepted.

A verdict was taken for the plaintiff by consent, to be set aside and a new trial granted, or judgment to be rendered on the verdict, according to the opinion of the court.

*Morrison & Stanley,* for the defendants, contended that there was evidence competent to be submitted to a jury, from which they might find that David Brown owned real estate of the value of $150, in Francestown, and paid all the taxes thereon for four years in succession, and so that he acquired a settlement in Francestown—*Pembroke* v. *Allenstown,* 21 N. H. 107; that if the property in Francestown was conveyed to the wife of David to prevent its attachment, or was paid for with David's money and the deed taken in the name of David's wife, it was still David's property to all intents and purposes, and the payment of all the taxes by him would give him a settlement in Francestown; that the mortgage from Hannah Brown to Bixby was not signed by David, and was therefore void, so that there was evidence from which the jury might find that David's interest as tenant by the courtesy was of the value of $150, and so the court erred in not submitting that question to the jury; that whether or not the money with which the premises conveyed to David's wife were paid for was David's, and whether the conveyance to her was to prevent attachments by David's creditors, were material questions,

and should have been submitted to the jury, and so the ruling of the court was incorrect, and the verdict should be set aside; and that the ruling of the court that David Brown had no resulting trust in the real estate beyond the amount which he paid before and at the time of the conveyance to his wife, was incorrect; it being immaterial when he paid the money, provided he had a resulting trust, of the value of $150, in the lands, and paid all the taxes assessed thereon for four years prior to the time when the assistance in this case was rendered to Ira Brown.

*Clark & Smith,* for the plaintiffs, contended that the ruling of the court, that David Brown had no resulting trust in the real estate beyond the amount which he paid before and at the time of the conveyance to his wife, was in accordance with the law as laid down in the books, and as repeatedly settled in this State. 4 Kent Com. 305; *Pembroke* v. *Allenstown,* 21 N. H. 109; *Gove* v. *Lawrence,* 26 N. H. 492; *Tebbetts* v. *Tilton,* 31 N. H. 283; *Page* v. *Page,* 8 N. H. 195; *Farrington* v. *Barr,* 36 N. H. 88; *Moore* v. *Moore,* 38 N. H. 387; *Brooks* v. *Fowle,* 14 N. H. 260; *Dow* v. *Jewell,* 21 N. H. 488; *White* v. *Carpenter,* 2 Paige 265, cited in *Dow* v. *Jewell.*

BELLOWS, J. In regard to the settlement of Benjamin Brown in Deering, the case makes no question of his residence there the proper length of time, his having real estate of the value of $150, nor of his paying all taxes duly assessed on him and his estate for four years in succession. These facts, then, being assumed, it is no answer to say that there was no proof, or insufficient proof, that the taxes were duly and legally assessed; because, to gain a settlement in that mode, it is unnecessary to show that he was taxed at all, the settlement being the result of residence, possession of the property, and the payment of all taxes that *are* duly assessed. N. H. Laws (Ed. 1810) 362, sec. 4;

Law of January 1, 1796; *Rochester* v. *Chester*, 3 N. H. 349; *Burton* v. *Wakefield*, 4 N. H. 48. The competency of the records, then, to show a legal assessment of Benjamin Brown and his estate, becomes wholly immaterial. If the law were otherwise, and an actual taxation was necessary, as in the case of a residence and paying taxes upon the poll seven years in succession, the court would hesitate to hold that where there was an actual taxation and payment, both parties assuming it to be legal, the settlement would fail on account of some informality in the proceedings. But it is not necessary to settle this question.

In regard to a settlement of David Brown in Francestown, the only question raised by the case is, whether he had a resulting trust in the real estate beyond the amount paid by him before and at the time of the conveyance to his wife. The verdict being taken by consent, every thing must be taken as found for the plaintiff that could be legally so found upon the evidence. Was the ruling in question, then, correct?

On this point the evidence was, that on December 26, 1849, David Brown conveyed to one Bixby a house and barn, which he had before erected on Bixby's land, and had also mortgaged to him; at the same time Bixby conveyed the land and buildings to Hannah, the wife of said David, who thereupon gave her note for the price of the land, and the balance due on the debt for which the buildings were mortgaged; and, to secure the payment of her note, the said Hannah mortgaged both land and buildings to Bixby. It appeared, also, that this note was afterward paid, but whether with the money of the wife, or the husband, was, upon the evidence, uncertain. However that might be, we think the ruling of the court was correct, and that no trust would arise, by implication, to the husband, from payments made after the time of the purchase. And this is the necessary result of the principle upon which such trusts arise; namely, that the money of the real and

not the nominal purchaser formed the consideration for the conveyance, and was thus converted into land. If not paid at the time, the title would become vested in the nominal grantee, and a subsequent advance to the purchaser would not, by relation, give to the original purchase the character of a trust. 4 Kent Com. 305 and notes; *Rogers* v. *Murray*, 3 Paige Ch. 398; *Botsford* v. *Burr*, 2 Johns. Ch. 408; *Steere* v. *Steere*, 5 Johns. Ch. 18; *Brooks* v. *Fowle*, 14 N. H. 260; *Page* v. *Page*, 8 N. H. 187. There must, therefore, be

*Judgment on the verdict.*